UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) 2:20-cr-0002 JPH-CMM |
| | ) Cause No. 2:19-cr- |
| AZAMBIR S. KHAIRA, | ) |
| Defendant. | ) |

## PETITION TO ENTER PLEA OF GUILTY AND PLEA AGREEMENT

The United States of America, by counsel, Josh J. Minkler, United States Attorney for the Southern District of Indiana, and James M. Warden, Assistant United States Attorney ("the government"), and the Defendant, AZAMBIR S. KHAIRA ("the Defendant"), in person and by counsel, Jonathan Bont, hereby inform the Court that a Plea Agreement has been reached in this case pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The following are its terms and conditions:

### Part 1: Guilty Plea

1. **Plea of Guilty:** The Defendant will waive indictment and plead guilty as charged to the Information, which charges that the Defendant did commit a violation of Title 26, United States Code, Section 7201, tax evasion.

2. **Potential Maximum Penalties:** The Information is punishable by a maximum sentence of five (5) years' imprisonment, a $250,000 fine, and three (3) years' supervised release following any term of imprisonment.

3. **Elements of the Offense:** To sustain the offense to which the Defendant is pleading guilty, the government must prove the following elements beyond a reasonable doubt:

a. That on the relevant dates for filing an employer's quarterly federal tax return (IRS Form 941), employment tax was due and owing by the Defendant; and

b. That the Defendant knew he had a legal duty to pay the tax; and

c. That the Defendant did some affirmative act to evade assessment of, or computation of the tax; and

d. That in doing so, the Defendant acted willfully, that is, with the intent to violate his legal duty to pay the tax.

## Part 2: General Provisions

4. **Sentencing Court's Discretion Within Statutory Range:** The Defendant agrees and understands that: (A) the Court will use its discretion to fashion a sentence within the statutory range set forth above; (B) the Court will consider the factors set forth in 18 U.S.C. § 3553(a) in determining the appropriate sentence within the statutory range; (C) the Court will also consult and take into account the United States Sentencing Guidelines ("Sentencing Guidelines" or "U.S.S.G.") in determining the appropriate sentence within the statutory range; (D) the Sentencing Guidelines are not mandatory or binding on the Court, but are advisory in nature; (E) the final determination concerning the applicable advisory guideline calculation, criminal history category, and advisory sentencing guideline range will be made by the Court; and (F) by pleading "Guilty", the Court may impose the same punishment as if the Defendant had plead "Not Guilty", had stood trial and been convicted by a jury.

5. **Sentencing Court Not Bound by Guidelines or Recommendations:** The Defendant acknowledges that this Plea Agreement is governed by Federal Rule of Criminal Procedure 11(c)(1)(B) and that the determination of the Defendant's sentence is within the discretion of the Court. The Defendant understands that if the Court decides to impose a sentence higher or lower than any recommendation of either party, or determines a different

2

advisory sentencing guideline range applies in this case, or decides to impose a sentence outside of the advisory sentencing guideline range for any reason, then the Defendant will not be permitted to withdraw this plea of guilty for that reason and will be bound by this plea of guilty.

6. **Plea Agreement Based on Information Presently Known:** The Defendant recognizes and understands that this Plea Agreement is based upon the information presently known to the government. The government agrees to not bring other criminal charges against the Defendant with respect to the circumstances surrounding the matters charged in the Information based on information currently known to the United States Attorney for the Southern District of Indiana.

7. **No Protection From Prosecution for Unknown or Subsequent Offenses:** The Defendant acknowledges and agrees that nothing in this agreement shall protect the Defendant in any way from prosecution for any offense not specifically covered by this agreement, or not known to the United States Attorney for the Southern District of Indiana at this time. The Defendant further acknowledges and agrees that nothing in this agreement shall protect the Defendant in any way from prosecution for any offense committed after the date of this agreement.

8. **Rights Under Rule 11(b), Fed.R.Crim.P.:** The Defendant understands that the government has the right, in a prosecution for perjury or false statement, to use against the Defendant any statement that the Defendant gives under oath during the guilty plea colloquy. The Defendant also understands that the Defendant has the right: (A) to plead not guilty, or having already so pleaded, the right to persist in that plea; (B) to a jury trial; (C) to be represented by counsel--and if necessary have the court appoint counsel--at trial and at every other stage of the proceedings, including appeal; and (D) to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and

3

to compel the attendance of witnesses. The Defendant also understands that the Constitution guarantees the right to be considered for release until trial[1]; and if found guilty of the charge, the right to appeal the conviction on such charge to a higher court. The Defendant understands that if the Court accepts this plea of guilty, the Defendant waives all of these rights.

### Part 3: Sentencing Recommendation

9. **Sentencing Recommendation Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):** The parties have **not** agreed upon a specific sentence. The parties reserve the right to present evidence and arguments concerning what they believe to be the appropriate sentence in this matter.

   a. **Government's Recommendation**: At the time of sentencing, the government will recommend a sentence of imprisonment within the Sentencing Guidelines range consistent with the stipulations stated herein. The government reserves the right to present evidence and argument on the issue of sentence.

   b. **Defendant's Recommendation**: The Defendant is free to request whatever sentence he deems appropriate not inconsistent with the sentencing guidelines calculation to which the Defendant has stipulated herein. The Defendant reserves the right to present evidence and argument on the issue of sentence.

10. **Supervised Release:** Both parties reserve the right to present evidence and arguments concerning whether the Court should impose a term of supervised release to follow any term of imprisonment in this case, the duration of any term of supervised release, and the terms and conditions of the release.

---

[1] Title 18, U.S.C. §§ 3141-3156, Release and Detention Pending Judicial Proceedings.

4

11. **Conditions of Supervised Release:** The parties understand and agree that the Court will determine which standard and special conditions of supervised release to apply in this case. The parties reserve the right to present evidence and arguments concerning these conditions.

12. **No Appeal of Supervised Release Term and Conditions**: As discussed in greater detail below, the parties' reservation of the rights to present evidence and arguments to the Court concerning the length and conditions of supervised release is not intended to be inconsistent with the Waiver of Appeal specified below, which includes a waiver of the right to appeal to the length and conditions of the period of supervised release.

## Part 4: Monetary Provisions and Forfeiture

13. **Mandatory Special Assessment:** The Defendant will pay a total of $100 on the date of sentencing or as ordered by the Court to the Clerk, United States District Court, which amount represents the mandatory special assessment fee imposed pursuant to 18 U.S.C. § 3013.

14. **Fine:** The matter of any fine is left to the discretion of the Court.

15. The Defendant will be ordered by the Court to pay and will pay the criminal tax loss of $194,148, to the Internal Revenue Service. Defendant agrees that such restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. If the Court imposes a schedule of payments, Defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full. The IRS will use the amount of restitution ordered as the basis for a civil assessment under 26 U.S.C. § 6201(a)(4). Defendant does not have the right to challenge the amount of this restitution-based assessment. See 26 U.S.C. § 6201(a)(4)(C). Neither the existence of a restitution payment schedule nor Defendant's timely payment of restitution

5

according to that schedule will preclude the IRS from immediately collecting the full amount of restitution-based assessment.

16. **Obligation to Pay Financial Component of Sentence**: If the Defendant is unable to pay any financial component of the Defendant's sentence on the date of sentencing, then the Defendant agrees that the payment of the financial component shall be a condition of supervised release as well as an ordered payment through the Inmate Financial Responsibility Program of the Federal Bureau of Prisons, if the Defendant is incarcerated. The Defendant will have a continuing obligation to pay the financial component of the sentence. The Defendant further agrees that as of the date of filing this Plea Agreement the Defendant will provide all requested financial information to the Financial Litigation Unit of the United States Attorney's Office for the Southern District of Indiana for use in the collection of any fines and restitution imposed by the Court and authorizes the Financial Litigation Unit to obtain credit reports relating to the Defendant for use in the collection of any fines and restitution imposed by the Court.

### Part 5: Factual Basis for Guilty Plea

17. The parties stipulate and agree that the following facts establish a factual basis for the Defendant's plea of guilty to the offense set forth in Paragraph One, above, and that the government would be able to establish the following facts beyond a reasonable doubt in the event this cause was to proceed to trial. The following information is only a summary of the government's evidence. This Plea Agreement is not intended to foreclose the presentation of additional evidence and the parties reserve the right to present additional evidence at the time of sentencing.

   a. Defendant Azambir S. Khaira (Khaira) controlled and operated multiple gasoline stations in Vigo County, Indiana, in the Southern District of Indiana, and elsewhere, beginning prior to 2016 and continuing into 2019. The gasoline

stations were operated under the business names Hoosier Pete, Jiffy Mart and Express Mart and under the corporate names Easy Stop Inc., Super Stop Inc., TH Express Inc., Fivestar Holdings Inc. and TH Jiffy Inc.

b. Khaira's primary residence was in Vigo County, Indiana during this time period.

c. Khaira created and managed a complex business structure in the operation of the gasoline stations. Each of the corporations utilized to operate the businesses had a separate Employer Identification Number and each corporation had multiple gasoline station locations associated with it. Between 2016 and 2019, Khaira used more than fifty bank accounts at various banks in connection with the operation of the gasoline stations.

d. The Internal Revenue Code and associated statutes and regulations required employers to withhold from employees' gross pay federal income taxes and Federal Insurance Contribution Act ("FICA") taxes, which represent Social Security and Medicare taxes, and to account for and pay over the withheld taxes to the IRS, generally on a quarterly basis, but no later than the last day of the month following the end of each quarter. These taxes were defined collectively as "trust fund taxes". In addition to the trust fund taxes that must be withheld from pay, employers were separately required to make contributions on the FICA for Social Security and Medicare in amounts matching the amounts withheld from their employees' pay. Such employer contributions were likewise required to be remitted to the IRS no later than the last day of the month following the end of the quarter. Trust fund taxes and employers' FICA contributions are commonly referred to as "employment taxes".

e. Employers were generally required to file, one month after the conclusion of a calendar quarter, an IRS Form 941, setting forth the total amount of income taxes withheld, the total amount of Social Security and Medicare taxes due, and the total tax deposits paid.

f. Khaira was the person responsible for collecting, accounting for, and paying over the employment taxes attributable to the operation of the gasoline stations because he controlled the financial affairs of the businesses and directed the employment of the gasoline station employees.

g. In order to willfully evade and defeat a substantial part of the employment taxes owed by the corporations listed in subparagraph 17(a) above, for the calendar year quarters ending from June 30, 2016 through December 31, 2018, which were due for payment the last day of the month following each of the quarters, Khaira committed the following overt acts between April 2016 and January 2019:

　　i. Paid employees in cash;

　　ii. Provided false information to his accountant regarding the number of his employees, the identities of his employees and the amount of wages paid to his employees;

　　iii. Caused to be filed false IRS Forms 941 regarding the amount of wages paid to employees; and

　　iv. Directed his accountant to not timely file various IRS Forms 941.

h. Khaira evaded the assessment of $194,148 in federal employment taxes as a result of these acts, which is the criminal tax loss to the United States.

## Part 6: Other Conditions

18. **Background Information:** The Defendant acknowledges and understands that no limitation shall be placed upon the Court's consideration of information concerning the background, character, and conduct of the Defendant for the purpose of imposing an appropriate sentence. The Defendant acknowledges and understands that the Government is not prohibited from providing information concerning background, character, and conduct of the Defendant for the purpose of recommending or advocating an appropriate guideline calculation and sentence.

## Part 7: Sentencing Guideline Stipulations

19. **Guideline Computations:** Pursuant to Section 6B1.4 of the Sentencing Guidelines, the parties agree to the Stipulations below. The parties understand and agree that these Stipulations are binding on the parties but are only a recommendation to the Court and that the Court will determine the advisory Sentencing Guidelines applicable in this case. The parties agree that no stipulation regarding any factors in Chapter 4, Criminal History Category, of the Sentencing Guidelines has been made, and that such determination will be made by the Court. The appropriate version of the Sentencing Guidelines has been used by the parties to make the stipulations set forth below:

| | |
|---|---|
| **BASE OFFENSE LEVEL:** (U.S.S.G. §§ 2T1.1(a)(1) and 2T4.1(F)) | 16 |
| **THE OFFENSE INVOLVED SOPHISTICATED MEANS** (U.S.S.G. § 2T1.1(b)(2)) | 2 |
| **ACCEPTANCE OF RESPONSIBILITY:** (U.S.S.G. § 3E1.1(a) and (b)) | -3 |
| **TOTAL OFFENSE LEVEL:** | 15 |

### Part 8: Waiver of Right to Appeal

20. **Direct Appeal:** The Defendant understands that the Defendant has a statutory right to appeal the conviction and sentence imposed and the manner in which the sentence was determined. Acknowledging this right, and in exchange for the concessions made by the Government in this Plea Agreement, the Defendant expressly waives the Defendant's right to appeal the conviction imposed in this case on any ground, including the right to appeal conferred by 18 U.S.C. § 3742. The Defendant further expressly waives any and all challenges to the statute(s) to which the Defendant is pleading guilty on constitutional grounds, as well as any challenge that the Defendant's admitted conduct does not fall within the scope of the applicable statute(s). The Defendant further agrees that in the event the Court sentences the Defendant to a sentence within the sentencing guidelines range stipulated to herein (Total Offense Level 15), or any lesser sentence, regardless of the Defendant's criminal history category or how the sentence is calculated by the Court, then the Defendant expressly waives the Defendant's right to appeal the sentence imposed in this case on any ground, including the right to appeal conferred by 18 U.S.C. § 3742. This waiver of appeal specifically includes all provisions of the guilty plea and sentence imposed, including the length and conditions supervised release and the amount of any fine.

21. **Later Legal Challenges:** Additionally, the Defendant expressly agrees not to contest, or seek to modify, the Defendant's conviction or sentence or the manner in which either was determined in any later legal proceeding, including but not limited to, an action brought under 18 U.S.C. § 3582 or 28 U.S.C. § 2255. As concerns this Section 3582 waiver, should the United States Sentencing Commission and/or Congress in the future amend the Sentencing Guidelines to lower the guideline range that pertains to the Defendant's offense(s) and explicitly make such an amendment retroactive, the Government agrees that it will not argue that this

waiver bars the Defendant from filing a motion with the district court pursuant to 18 U.S.C. § 3582(c)(2) based on that retroactive Guidelines amendment. However, if the Defendant files such a motion, the Government may oppose the motion on any other grounds. Furthermore, should the Defendant seek to appeal an adverse ruling of the district court on such a motion, the Government may claim that this waiver bars such an appeal. As concerns the Section 2255 waiver, the waiver does not prevent claims, either on direct or collateral review, that the Defendant received ineffective assistance of counsel.

22. **No Appeal of Supervised Release Term and Conditions**: The parties' reservation of the rights to present evidence and arguments in this Court concerning the length and conditions of supervised release is not intended to be inconsistent with the Waiver of Appeal specified above, which includes a waiver of the right to appeal to the length and conditions of the period of supervised release.

### Part 9: Presentence Investigation Report

23. The Defendant requests and consents to the commencement of a presentence investigation by probation officers of the United States District Court for purposes of preparing a Presentence Investigation Report at this time and prior to the entry of a formal plea of guilty.

24. The Defendant further requests and consents to the review of the Defendant's Presentence Investigation Report by the Court, Defendant's counsel, the Defendant, and the government at any time, including prior to entry of a formal plea of guilty.

### Part 10: Statement of the Defendant

25. By signing this document, the Defendant acknowledges the following:

a. I have received a copy of the Indictment and have read and discussed it with my attorney. I believe and feel that I understand every accusation made against me in

11

this case. I wish the Court to omit and consider as waived by me all readings of the Indictment in open Court at all further proceedings.

b. I have told my attorney the facts and surrounding circumstances as known to me concerning the matters mentioned in the Indictment, and believe and feel that my attorney is fully informed as to all such matters. My attorney has since informed, counseled and advised me as to the nature and cause of every accusation against me and as to any possible defenses I might have in this case.

c. I have read the entire Plea Agreement and discussed it with my attorney.

d. I understand all the terms of the Plea Agreement and those terms correctly reflect the results of plea negotiations.

e. Except for the provisions of the Plea Agreement, no officer or agent of any branch of government (federal, state or local), nor any other person, has made any promise of any kind to me, or within my knowledge to anyone else, that I would receive a lighter sentence, or probation, or any other form of leniency, if I would plead "Guilty". However, I respectfully request that the Court consider in mitigation of punishment at the time of sentencing the fact that by voluntarily pleading "Guilty" I have saved the government and the Court the expense and inconvenience of a trial. I understand that before it imposes sentence, the Court will address me personally and ask me if I wish to make a statement on my behalf and to present any information in mitigation of punishment.

f. I am fully satisfied with my attorney's representation during all phases of this case. My attorney has done all that anyone could do to counsel and assist me and I fully understand the proceedings in this case against me.

g. I make no claim of innocence, and I am freely and voluntarily pleading guilty in this case.

h. I am pleading guilty as set forth in this Plea Agreement because I am guilty of the offense to which I am entering my plea.

i. I understand that if convicted, a Defendant who is not a United States Citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

j. My attorney has informed me, and I understand, that I have the right to appeal any conviction and sentence that I receive, unless I have waived my right to appeal as part of this Plea Agreement. If I have not waived my right to appeal, I understand that I must file a Notice of Appeal within fourteen (14) days of the entry of the judgment in this case. I further understand that the Clerk of the Court will prepare and file a Notice of Appeal on my behalf if I ask that to be done. I also understand that the United States has the right to appeal any sentence that I receive under this Plea Agreement.

k. My attorney has informed me, and I understand, that if I provide or cause to be provided materially false information to a judge, magistrate-judge, or probation officer, then Section 3C1.1 of the Sentencing Guidelines allows the Court to impose a two level increase in the offense level.

## Part 11: Certificate of Counsel

26. By signing this document, the Defendant's attorney certifies as follows:

a. I have read and fully explained to the Defendant all the accusations against the Defendant which are set forth in the Indictment in this case;

b.  To the best of my knowledge and belief each statement set forth in the foregoing Petition to Enter a Plea of Guilty and Plea Agreement is in all respects accurate and true;

c.  The plea of "Guilty" as offered by the Defendant herein accords with my understanding of the facts as related to me by the Defendant and is consistent with my advice to the Defendant;

d.  In my opinion, the Defendant's waiver of all reading of the Indictment in open court, and in all further proceedings, including arraignment as provided in Rule 10, Fed.R.Crim.P., is voluntarily and understandingly made; and I recommend to the Court that the waiver be accepted by the Court;

e.  In my opinion, the plea of "Guilty" as offered by the Defendant herein is voluntarily and understandingly made and I recommend to the Court that the plea of "Guilty" be accepted and entered on behalf of the Defendant as requested in the foregoing Petition to Enter a Plea of Guilty and Plea Agreement.

/
/
/
/
/
/
/
/
/

## Part 12: Final Provision

27. **Complete Agreement:** The Defendant acknowledges that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this document, to induce the Defendant to plead guilty. This document is the complete and only Plea Agreement between the Defendant and the United States Attorney for the Southern District of Indiana and is binding only on the parties to the Plea Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified except in writing, signed by all parties and filed with the Court, or on the record in open court.

Respectfully submitted,

JOSH J. MINKLER
United States Attorney

24 JAN 20
DATE

by James M. Warden
Assistant United States Attorney

1-29-2020
DATE

Steven D. DeBrota
Deputy Chief, Criminal Division

11/15/19
DATE

Azambir S. Khaira
Defendant

11/15/19
DATE

Jonathan Bont
Counsel for Defendant